IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JUAN PEREZ<br>Plaintiff, | § § § § | |
| vs. | § § § | Case No. 6:20-cv-00643 |
| USA LINES, LLC., and<br>EMRAN MAMAKAZIYEV<br>Defendants. | § § § § | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff JUAN PEREZ, and files this Original Complaint against Defendants USA LINES, LLC. and EMRAN MAMAKAZIYEV., and for cause of action would respectfully show the Court the following:

### A. PARTIES

1. Plaintiff Juan Perez (hereinafter "Plaintiff Perez") is an injured individual residing in Palestine, Texas.

2. Defendant Emran Mamakaziyev (hereinafter "Defendant Driver") is an individual residing in Dayton, Ohio and can be served with process at his last known address of 100 Samuel St., Dayton, Ohio, 45403; or wherever he may be found.

3. Defendant USA Lines, LLC. (herein after "USA Lines") is a foreign LLC formed under the laws of the State of Ohio and doing business in Texas. Defendant USA Lines can be served with process using the Service of Process through the Secretary of State for the State of Texas, P.O. Box 12079, Austin, Texas, 78711-2079.

## B. JURISDICTION AND VENUE

4. This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a). The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between businesses or individual citizens of different states. All of the corporate defendants have engaged in intentional and systematic contacts with the State of Texas.

5. Venue is proper in this district under the provisions of 28 U.S.C. § 1391 because the wreck occurred in Freestone County, Texas, which is in the Waco Division of the Western District of Texas.

## C. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## D. RESPONDEAT SUPERIOR

7. Whenever it is alleged in this Complaint that a Defendant did any act or thing, it is meant that the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done, it was done with the authorization of Defendant or was done in the normal routine course of the agency or employment of the Defendant.

8. In addition to the other Counts herein, the incident made the basis of Plaintiff Perez's lawsuit was proximately caused by the negligence of Defendant USA Lines through its employee and authorized agent, Defendant Driver.

## E. FACTS

9. On or about November 11, 2018, Plaintiff Perez was driving north on US 79 in Freestone County, Texas. He was driving an 18-wheeler owned by his employer. Defendant Driver was driving an 18-wheeler owned by Defendant USA Lines, also headed northbound on US 79. Defendant Driver was acting in the course and scope of his employment with Defendant USA Lines and was driving a the 18-wheeler in furtherance of Defendant USA Lines' business. Defendant Driver crashed into the rear of Perez's vehicle with such force that it shredded both 18-wheelers. Perez's vehicle turned over and he was trapped inside. The investigating officer arrived on the scene shortly thereafter and found Defendant Driver to be at fault for failing to control his speed.

## F. NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANT SPRAYBERRY

10. Defendant Driver had a duty to exercise ordinary care and operate Defendant USA Lines' vehicle reasonably and prudently.

11. Defendant Driver —acting in the course and scope of his duty with Defendant USA Lines—breached the duty of care in the following ways:

   a. failing to control speed;

   b. driving too fast for conditions of the road;

   c. Failing to maintain a proper lookout;

   d. Driver inattention;

   e. driving while talking on the phone; and

   e. Reckless operation of a motor vehicle.

12. In addition, Defendant Driver's actions also constitute negligence per se for violating the following traffic laws in the State of Texas:

a. 49 CFR 392, cell phone use in 18-wheeler;

b. Texas Transp. Code § 545.351; speeding; and

c. Texas Transp. Code § 545.401; reckless driving.

## G. NEGLIGENT ENTRUSTMENT, HIRING, TRAINING, RETENTION, AND SUPERVISION OF DEFENDANT USA Lines

13. Defendant USA Lines entrusted its vehicle to its employee, Defendant Driver for use on public roads and in furtherance of Defendant USA Lines' business. As the employee, Defendant Driver's job was to transport and deliver products and goods for Defendant USA Lines' customers.

14. Defendant Driver is known to be a reckless and incompetent driver and had prior convictions, traffic violations, and motor vehicle accidents. Defendant USA Lines knew or should have known of Defendant Driver's recklessness and incompetence. Defendant USA Lines failed to do a proper background search and/or call previous employers.

15. Defendant USA Lines could have reasonably anticipated that entrusting its vehicle to Defendant Sprayberry would result in harm to the public on the road. Defendant USA Lines' knowledge of Defendant Driver's incompetence – or in the alternative, Defendant USA Lines' failure to diligently search and inquire as to Defendant Driver's incompetence – proximately caused harm to Plaintiff Perez as complained of below.

16. Further, based on the above, Defendant USA Lines had a duty to hire, supervise, train, and retain its employees in a competent manner consistent with the actions of a reasonably prudent company. Defendant USA Lines breached this duty through the following actions:

a. Failing to check the credentials, training, work history, and/or criminal history of Defendant Driver;

b. Failing to train Defendant Driver with the best practices of the industry;

c. Failing to terminate Defendant Driver after discovering behavior and/or facts indicating that Defendant Driver was not competent to operate a commercial vehicle;

d. Failing to monitor Defendant Driver's hours of operation and driver performance to ensure that he had enough sleep so as to be a competent driver;

e. Failing to check log books, electronic data, or other service records to see if they were falsified when they had been falsified by Defendant USA Lines; and

f. Other actions that will be brought forth through discovery and trial.

17. These failures of Defendant USA Lines were the proximate cause and cause in fact of Plaintiff Perez's injuries, complained of below.

## H. GROSS NEGLIGENCE OF ALL DEFENDANTS

18. In addition to the other counts herein, Defendant USA Lines and Defendant Driver are liable for their grossly negligent conduct. In support thereof, Plaintiff Perez asserts the following:

19. Plaintiff Perez's injuries resulted from Defendant USA Lines' and Defendant Driver's gross negligence, malice, or actual fraud, which entitles Plaintiff Perez to exemplary damages under the Texas Civil Practice & Remedies Code § 41.003(a). Defendant Driver was subjectively aware that operating a large 18-wheeler while on his cellular phone posed a very real and substantial threat to the welfare and safety of other drivers on the road. By driving while distracted, Defendant Driver proceeded with conscious indifference to the rights, safety, and welfare of others, namely Plaintiff Perez.

20. Defendant USA Lines entrusted its vehicle to Defendant Driver to transport and deliver products to Defendant USA Lines' clients. Defendant USA Lines knew or should have known that Defendant Driver had prior convictions, traffic violations, and motor vehicle accidents

prior to the wreck with Plaintiff Perez. Defendant USA Lines was subjectively aware that allowing Defendant Sprayberry to operate its vehicle posed a very real and substantial risk to the welfare and safety of other people on the road.

## I. DAMAGES

21. As a direct and proximate result of Defendants' conduct, Plaintiff Perez is seeking the following damages;

    a. Injuries to his body;

    b. Medical bills in the past and future;

    c. Physical and mental pain in the past and future;

    d. Mental anguish in the past and future;

    e. Physical impairment in the past and future; and

    f. Lost wages and earning capacity in the past and future.

22. As a direct and proximate result of Defendants' negligence and gross negligence, Plaintiff Perez suffered injuries to his body. By reason of the foregoing injuries and damages, Plaintiff Perez has been damaged far in excess of the minimum jurisdictional limits of the Court.

## J. JURY DEMAND

23. Plaintiff Perez demands a jury trial and tenders the appropriate fee with this Complaint.

## K. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff Perez prays that Defendant Defendants be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recover as follows:

    a. Actual damages and exemplary daamges;

b. Prejudgment and post-judgment interest as provided by law;

c. Costs of Court; and

d. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

*/s/ Benton G. Ross*
BENTON G. ROSS
State Bar No. 24068124
Benton@monsourlawfirm.com
DOUGLAS C. MONSOUR
State Bar No. 00791289
Doug@monsourlawfirm.com
RYAN WISCOMBE
State Bar No. 24102656
Ryan@monsourlawfirm.com
404 North Green Street
Post Office Box 4209
Longview, Texas 75606
(903) 758-5757
(903) 230-5010 (fax)
**ATTORNEYS FOR PLAINTIFF**


**SOREY, GILLILAND, & HULL, LLP**

DEREK GILLIAND
State Bar No. 24007239
derek@soreylaw.com
R. DANIEL SOREY
State Bar No. 24041957
dan@soreylaw.com
JOHN HULL
State Bar No. 24050791
john@soreylaw.com
109 W Tyler
Longview, Texas 75601
(903) 212-2822
(903) 212-2864 (fax)
**ATTORNEYS FOR PLAINTIFF**